1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9

Jamal Damon Hendrix,

10

Plaintiff

11

v.

12

Elizabeth Neighbors et al.,

13

Defendants

Case No.: 2:13-cv-01527-JAD-CWH

**Order Issuing *Subpoena Duces Tecum***

14
15

        This prisoner-civil-rights action arises out of Eighth Amendment sanitation and excessive-force

16

violations that plaintiff Jamal Damon Hendrix alleges he suffered while a pretrial detainee at the Clark

17

County Detention Center ("CCDC").[1]  Only four defendants have been successfully served.[2]  Having

18

reviewed the record and relevant law, the Court issues the following *subpoena duces tecum* on the Las

19

Vegas Metropolitan Police Department ("Metro") at its CCDC location and on the Nevada Department

20

of Health and Human Services at its Lake's Crossing Center.[3]

21

        Plaintiff is proceeding pro se and *in forma pauperis*.  On January 21, 2014, the court entered

22

23

        [1] *See* Doc. 8 at 12 (screening order allowing three Eighth and Fourteenth Amendment claims to

24

proceed).  The Court liberally construes all pro-se motions and pleadings.  *See Bernhardt v. L.A. Cnty.*,
339 F.3d 920, 925 (9th Cir. 2003).

25

        [2] *See* Docs. 26–27 (summons returned unexecuted and executed).

26

        [3] Lake's Crossing Center is a facility that provides forensic mental health services in a

27

maximum-security facility.  It is part of the Nevada Department of Health and Human Services,
Division of Public and Behavioral Health.  *See* Doc. 8 at 3 n.2.

28

1

an order screening Hendrix's complaint as required by 28 U.S.C. § 1915A.[4]  The court directed service on defendants Bissett, Johal, Henson, Durante, Behrens, Neighbors, O'Barr, Snowden, Binko, Wooden, Coker, and Hem and ordered that summonses for the defendants be delivered to the United States Marshals Service ("USMS") for service.[5]  Hendrix was allowed 30 days to provide the USMS with USM-285 forms for service.[6]  Within 20 days of receiving copies of the USM-285 forms from the USMS that showed whether service was accomplished, Hendrix was required to file a notice with the Court stating which defendants were successfully served and which defendants were unsuccessfully served.[7]  If he wished to attempt service again on any unserved defendants, he was directed to file a motion that identified the unserved defendant(s) and specified a more detailed name and/or address for the defendant, or specified if another service method should be attempted.[8]

On May 19, 2014, the USMS returned four summonses as successfully executed.[9]  These were all for defendants who work at Lake's Crossing Center.[10]  Two of the unexecuted summonses were for John Doe #1 and John Doe #2 at Lake's Crossing; these were returned unexecuted.[11]  The remaining six unexecuted summonses were for Metro corrections officers at CCDC: Rohan, O'Barr (whose name appears on his summons as a member of CERT, the correctional emergency response team), Snowden (also a CERT officer), Wooden (a CERT sergeant), Hem, and Coker (also a sergeant).[12]  These summonses were returned with notes indicating that Metro would not accept them

_____

[4] Doc. 8.

[5] *Id.* at 12.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Doc. 27.

[10] *Id.*

[11] Doc. 26 at 2–3.

[12] *Id.* at 1, 4–9.

and that Metro required "summons from the court with proper identifiers."[13]  There is no indication that Metro made any effort to comply with the summons and identify these defendants.  Instead, it appears that Metro chose to not even attempt compliance with court-ordered service because none of the CCDC defendants was identified in the wholly unspecified manner that Metro apparently prefers.

On May 27, 2014, Hendrix filed notices of the defendants who were successfully served and those who were not.[14]  The Court liberally construes his notices as compliance with its screening-order instructions regarding notice of the statute of service on the defendants.  This Order examines the stall in service on the six Metro employees alleged to work at the CCDC.

Federal Rule of Civil Procedure 45(c)(2)(A) authorizes the court to issue a *subpoena duces tecum* for production of documents or information.[15]  One of the rule's purposes is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties."[16]  "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."[17]  Based upon this authority and on the foregoing facts, the Court orders that:

1.    The Clerk of Court shall issue a *subpoena duces tecum* to the custodian of records at CCDC directing the custodian to provide the first and last names and last-known addresses of the corrections officers identified in plaintiff's complaint as: Rohan, O'Barr, Snowden, Wooden, Hem, and Coker.

2.    The Clerk of Court shall deliver the *subpoena duces tecum,* the summons, complaint, and a copy of this order to the USMS.

---

[13] *Id.* at 1–9 (noting the requirement of "proper identifiers" on unexecuted summons).

[14] Docs. 32–33.

[15] *See also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

[16] *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (quoting Fed. R. Civ. P. 45 advisory committee's note) (internal quotation marks omitted).

[17] *Id.*  (quoting Fed. R. Civ. P. 45 advisory committee's note) (internal quotation marks omitted).

3.    The USMS shall serve a *subpoena duces tecum* and a copy of this order on the custodian of records at CCDC.

4.    The custodian of records shall respond to the *subpoena duces tecum* within 14 days of receipt.  The custodian shall provide its response to the USMS, and the USMS shall file these six defendants' first and last names and last-known addresses under seal.

5.    Within 20 days after receiving the information from CCDC, the USMS shall use the information provided by CCDC to attempt to serve the summons and complaint on defendants Rohan, O'Barr, Snowden, Wooden, Hem, and Coker.  The USMS shall provide Clark with Forms USM-285 (listing the six defendants' first and last names, and not listing their addresses) indicating whether service was effected.

6.    Hendrix shall file the USM-285 forms within ten days after receiving them from the USMS.

7.    If the USMS is unable to serve these defendants, and Hendrix wishes to have service again attempted, he must file a motion with the court specifying a more detailed name and/or address for each defendant, or whether some other manner of service should be attempted.  Under Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

DATED June 10, 2014.

_____
Jennifer A. Dorsey
United States District Judge

4