1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9

Jamal Damon Hendrix,

10

           Plaintiff,

No: 2:13-cv-1527-JAD-CWH

11

vs.

**Order Denying Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction [Docs. 23, 24]**

12

James G. Cox, et al.,

13

           Defendants.

14
15
16

*Pro se* Plaintiff Jamal Damon Hendrix contends that he was subject to inhumane

17

conditions of confinement while awaiting state law charges, and he brings this civil rights

18

action under 42 U.S.C. § 1983. Doc. 8. Hendrix, currently incarcerated at Ely State Prison,

19

was granted leave to proceed *in forma pauperis*, and the U.S. Marshal was ordered to serve

20

copies of his complaint for him. Doc. 8 at 11-12. Hendrix was given until March 27, 2014,

21

to provide the U.S. Marshal with a copy of his complaint and the completed USM-285 forms

22

so the U.S. Marshal's office could effect service. *Id.* at 12; Docs. 18, 20.

23

      On March 20, 2014, Hendrix moved for a temporary restraining order and a

24

preliminary injunction, claiming that defendants and officials at the Ely State Prison were

25

"intercepting" his outgoing mail and refusing to serve it, making him unable to provide the

26

Marshal with his complaint and completed forms by the March 27th deadline. Doc. 23 at 3-

27

4. Hendrix alleges that the conspiracy against him extends to the Court itself: he argues that

28

on March 9, 2014, he requested a copy of the complaint and nine USM-285 forms from this

Court's Clerk of Court, but as of March 20, 2014, he had received no response. Doc. 23 at 3.[1] The Clerk's decision to ignore his letter request "means to the Plaintiff he is apart of the Interference of Access to Courts, because some of the defendants are Friends of this Court Clerk." Doc. 23 at 8. Hendrix seeks a temporary restraining order and preliminary injunction[2] enjoining defendants and the Director of Ely State Prison and her officers from "acting in retaliation against Plaintiff by hindering and impeding on his access to court with interference of his legal mail correspondence to all government agencies as well as this Honorable Court . . . while Plaintiff pursue[s] his civil rights litigations." Doc. 23 at 9. Finding that the record of this case belie's Hendrix theory that his legal mail is being intercepted and, regardless, with no demonstration that Hendrix has suffered any actual injury from this alleged interception, the Court denies Hendrix's request for injunctive relief.

## Discussion

The standards for granting a temporary restraining order and a preliminary injunction are the same.[3] Under Rule 65(d), "Every order granting an injunction . . . must: (a) state the reasons why it issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."[4] Courts have found that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the

---

[1] Hendrix prefaces this request with a discussion of actions he perceives as the SDCC's attempt to retaliate against him for filing this lawsuit. *See* Doc. 23 at 2-3. These actions have no relevance to the instant request for injunctive relief and thus are not discussed here.

[2] Docs. 23, 24. Both documents are styled as " Motion for preliminary injunction / temporary restraining order," and both request identical relief. The Court cites only to Doc. 23 herein, and refers to it in the singular.

[3] *See Stuhlbarg International Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Tootsie Roll Industries, Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987) (applying preliminary injunction standard to temporary retraining order issued with notice). Otherwise, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Board of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

[4] Fed. R. Civ. Proc. 65(d).

burden of persuasion."[5]  It is never granted as of right.[6]  As the United States Supreme Court explained in *Winter v. Natural Resources Defense Council*, the Court inquires whether the movant has demonstrated (1) a likelihood of success on the merits, (2) irreparable injury, (3) that remedies available at law are inadequate, (4) that the balance of hardships justify a remedy in equity, and (5) that the public interest would not be disserved by a favorable ruling.[7]

The U.S. Constitution guarantees prisoners the right to access the courts;[8] to show a violation of this right, a prisoner must move beyond conclusory allegations to demonstrate "actual injury," i.e., that a "nonfrivolous legal claim had been frustrated or was being impeded."[9]  The movant to show that (1) his access was so limited as to be unreasonable, and (2) the inadequate access caused actual injury.[10]  An allegation that the prison's delay has caused a litigant to miss a filing deadline is sufficient.[11]

The record in this case does not support Hendrix's entitlement to injunctive relief. Hendrix has not shown that any defendants' conduct limited his access to the court in any way whatsoever.  His claim that Ely State Prison officials are "intercepting" his filings is belied by the record.  For example, Hendrix claims that he sent out 15 USM-285s on February 12, 2014, and that "the NDOC Correctional Officers of Ely State Prison confiscated the whole Complaint and never sent it out to the Courts."  Doc. 23 at 3.  However, on May 19, 2013, four USM 285s, served by the U.S. Marshal on April 30, 2014, were returned executed.  Doc. 27.  On the same day, eleven additional USM-285s, dated April 15, 2014,

---

[5] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).

[6] *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008).

[7] *See id.* at 20.

[8] *Bounds v. Smith*, 430 U.S. 817, 820-21 (1977).

[9] *Lewis v. Casey*, 518 U.S. 343, 346, 349, 353 (1996).

[10] *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994).

[11] *Lewis*, 518 U.S. at 348.

1   were returned unexecuted—each of which contained an explanation for why service could

2   not be completed.  *See* Doc. 26.  Since then, several other USM-285s have been returned,

3   both executed and unexecuted.  *See* Docs. 42, 45, 46.  If Hendrix's allegation that officials at

4   the Ely State Prison were "intercepting" these documents were true, these documents never

5   would have reached the U.S. Marshal at all.  Even if some delay did occur, Hendrix

6   ultimately notified the Court which defendants were successfully served and not served, and

7   the Court accepted that notification as timely.  *See* Docs. 32, 33, 36.  Thus, Hendrix has not

8   identified any "injury" that he suffered as a result of any theoretical delay.

9         Hendrix's allegation that the Clerk of Court ignored his letter request for an extra

10   copy of his complaint (Doc. 21) due to the Clerk's personal friendship with the defendants

11   also fails to support the requested relief.  The Clerk of Court did not act on Hendrix's letter

12   request because the Clerk of Court is not authorized to provide copies and forms without

13   being directed to do so by a court order.  Hendrix appears to have ultimately acknowledged

14   this procedural truism and corrected his approach, as he later made the same request for a

15   copy of his complaint directly to the Court; it was granted.  *See* Docs. 22, 25.

16         Finally, the record does not indicate that Hendrix's other filings have been unduly

17   delayed or ignored.  Hendrix has sent in a not-insignificant number of requests and motions;

18   all have been promptly filed by the Clerk and are being timely resolved by the court.  *See,*

19   *e.g.,* Docs. 32, 33, 34, 36, 38, 40, 48, and 50.

20         In sum, the record does not reflect that Hendrix's prosecution of this suit has been

21   "frustrated or impeded" such that the Court can find a cognizable Constitutional violation for

22   denial of access to the courts.  He has thus suffered no demonstrable "injury," and none of

23   the other four *Winter* factors tips the balance in favor of granting his request for injunctive

24   relief.

25

26

27

28

**Conclusion**

Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motions for Preliminary Injunction and a Temporary Restraining Order [Docs. 23, 24] are DENIED.

DATED: July 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE