**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMAL DAMON HENDRIX,  )
           Plaintiff,  )   Case No. 2:13-cv-01527-JAD-CWH
             )
vs.  )   **ORDER**
             )
STATE OF NEVADA, *et al.*,  )
           Defendants.  )
_____)

This matter is before the Court on Plaintiff Jamal Damon Hendrix's ("plaintiff") motions to compel (docs. # 80, # 81), Defendant Dr. Howard Hale Henson's ("Henson") response (doc. # 85), along with the response (doc. # 84) of Defendants Dr. Elizabeth Neighbors, Dr. Richard Bissett, and Tom Durante, (collectively "defendants"). Plaintiff did not file replies.

**BACKGROUND**

Plaintiff, proceeding pro se and in forma pauperis, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the Ely State Prison. See Doc. # 7. On January 21, 2014, the Court entered a screening order finding that plaintiff had pled sufficient facts to support claims under the Eighth and Fourteenth amendments. See Doc. # 8. Plaintiff's claims are based on events that transpired in 2010 while plaintiff was undergoing a competency evaluation at Lake's Crossing Center in Reno, Nevada. See Doc. # 1-1; see also Doc. # 9.

//
//

## DISCUSSION

**1.    Motion to Compel (doc. # 80)**

Plaintiff moves the Court to compel Hale to respond to numbers 4, 5, and 8 of plaintiff's first set of interrogatories, and to plaintiff's second set of interrogatories. Plaintiff also moves the Court to sanction Hale in the amount of $300 for his purported failure to respond.

Hale, in response, asks the Court to deny the instant motion because plaintiff: (1) fails to set forth the full text of the discovery originally sought, along with Hale's responses, as required by Local Rule ("LR") 26-7(a); (2) fails to certify that plaintiff personally consulted and engaged in sincere efforts to resolve the matter with Hale, as required by LR 26-7(b), noting that plaintiff could have contacted Hale via telephone or in writing; (3) fails to identify the deficiencies in Hale's responses to numbers 4, 5, and 8 of plaintiff's first set of interrogatories; (4) prematurely and frivolously compels responses to the second set of interrogatories, which are not yet due, as the interrogatories have not yet been served on Hale; and (5) erroneously seeks sanctions without any basis. Plaintiff did not file a reply.

This Court agrees with Hale and, as such, denies the instant motion.

**2.    Motion to Compel (doc. # 81)**

Plaintiff moves the Court to compel defendants to respond to items in plaintiff's first set of interrogatories, plaintiff's second set of interrogatories, and plaintiff's request for production of documents.

Defendants, in response, ask the Court to deny the instant motion because plaintiff: (1) fails to set forth the full text of the discovery originally sought, along with defendant's responses, as required by LR 26-7(a); (2) fails to certify that plaintiff personally consulted and engaged in sincere efforts to resolve the matter with defendants, noting that plaintiff's cursory letter to defense counsel is not sufficient for LR 26-7(b)'s purposes; (3) fails to identify the deficiencies in defendants' responses; and (4) prematurely compels responses to the second set of interrogatories and to the request for production of documents, which are not yet due. Plaintiff did not file a reply.

The Court agrees with defendants and again finds no basis to grant plaintiff's motion.

//

## **CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motions to compel (docs. # 80, # 81) are **denied**.

DATED: May 4, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**