UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jamal Damon Hendrix,

    Plaintiff,

vs.

James G. Cox, et al.,

    Defendants.

No: 2:13-cv-1527-JAD-CWH

**Order Dismissing Claims and Denying Request for Screening of Amended Complaint [Docs. 86, 87, 89]**

*Pro se* Plaintiff Jamal Damon Hendrix alleges that he was subject to inhumane conditions of confinement while awaiting state law charges, in violation of 42 U.S.C. § 1983.[1] On April 9, 2015, Magistrate Judge Hoffman granted Hendrix's motion for leave to amend his complaint.[2] Hendrix's amended complaint omitted formerly named defendants Tom Durante, and Drs. Elizabeth Neighbors, Richard Bisset, and Howard Hale Henson.[3] In a pair of motions, these defendants argue that Hendrix's amended complaint completely fails to mention them, and thus fails to state a claim against them for which relief can be granted.[4] Hendrix's deadlines to respond to both of these motions have now passed, and Hendrix has filed no response.[5] Under this district's local rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Upon review, I find these motions to dismiss have merit and are unopposed. Thus, they are granted, and all claims against defendants Durante, Neighbors, Bisset, and Henson are dismissed.

Hendrix has also requested that I conduct a screening of his amended complaint, because Magistrate Judge Hoffman "deprived" him of his entitlement to receive the same.[6] Hendrix

---

[1] Doc. 9.

[2] Doc. 82.

[3] *Compare* Doc. 9, *with* Doc. 83.

[4] Docs. 87, 89.

[5] *See id.* Hendrix's oppositions, if any, were due May 11, 2015, because their due dates (May 9 and 10, respectively) fell on the weekend.

[6] Doc. 86.

contends that because he has never been provided with information regarding the names of certain defendants, he "wishes to amend the Clark County Detention Center section only" of his complaint, which he claims requires a proper screening procedure.[7]  I liberally construe his "objection" as an appeal from Magistrate Judge Hoffman's determination.[8]

Although this appeal or objection is also uncontested, I find it cannot be granted merely under Local Rule 7-2(d) because Magistrate Judge Hoffman's decision not to screen Hendrix's proposed amended complaint was neither contrary to law nor clearly erroneous.  Under 28 U.S.C. § 1915A(a), "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  The statute's plain language does not mandate screening of an *amended* complaint; and as Magistrate Judge Hoffman already pointed out, other trial courts have interpreted Section 1915A(a) to not require screening of every proposed amended complaint filed in a case subject to initial screening.[9]  I agree with this interpretation of the statute.  I also note that while the deadline for amendment of pleadings has now passed, Hendrix remains free to move for modification of the amendment deadline if he can demonstrate good cause for doing so.[10]

### Conclusion

It is HEREBY ORDERED that Defendant Henson's Motion to Dismiss **[Doc. 87] is GRANTED**.  Henson is **DISMISSED** from this case.

It is FURTHER ORDERED that Defendants Neighbors, Bissett, and Durante's Motion to Dismiss **[Doc. 89] is GRANTED**.  These defendants are **DISMISSED** from this case.

It is FURTHER ORDERED that Plaintiff Hendrix's Appeal Objection to U.S. Magistrate's

---

[7] Doc. 86 at 3.

[8] A Magistrate Judge may be designated "to hear and determine any pretrial matter pending before the court," with some exceptions which are not applicable here.  28 U.S.C. § 636(b)(1)(A).  Generally, the district court may then "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *Id.*

[9] Doc. 82 at 1 (citing *Olausen v. Murgia*, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014).

[10] Doc. 70; *see* Fed. R. Civ. Proc. 16.

1 | Denial of Screening His Amended 42 U.S.C. § 1983 Civil Rights Complaint **[Doc. 86] is DENIED**.

2 | DATED: May 12, 2015.

_____
Jennifer A. Dorsey
United States District Judge