UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jamal Damon Hendrix,

    Plaintiff

v.

Elizabeth Neighbors et al.,

    Defendants

Case No.: 2:13-cv-01527-JAD-CWH

**Order**
(Docs. 94, 95, 99)

*Pro se* plaintiff Jamal Damon Hendrix contends that he was subjected to inhumane conditions of confinement while awaiting state law charges, and he brings this civil rights action under 42 U.S.C. § 1983.[1] Initial screening of Hendrix's original complaint left him with Eighth and Fourteenth Amendment claims against fourteen individual defendants from the Clark County Detention Center (CCDC) where he was detained and Lake's Crossings Center, which provides mental health services for CCDC detainees.[2] Hendrix had difficulty identifying and effectuating service on some of the defendants. So the court ordered additional contact information subpoenaed from the CCDC and directed the United States Marshals Service (USMS) to use the newly subpoenaed information to serve these defendants.[3]

    Hendrix then amended his complaint with leave of court, dropping some defendants and adding new ones.[4] The omitted defendants moved for dismissal, arguing that Hendrix's amended complaint supersedes his original one; because no claim is now stated against them, they should be dismissed from this suit.[5] The court found the motions had merit and were not opposed by Hendrix

---

[1] Doc. 8.

[2] *Id.*

[3] Doc. 36.

[4] Docs. 82, 83.

[5] Docs. 87–89.

1

1  and thus granted the motions.[6]

2  As it turns out, Hendrix's late opposition[7] and the court's order crossed in the clerk's office like ships in the night, and Hendrix now moves for reconsideration because he did, in fact, file an opposition and the court did not consider it before granting the motion.[8] I grant Hendrix's request to reconsider the dismissal order in light of his overlooked opposition, and I now review Hendrix's opposition. But that opposition changes nothing. Hendrix dropped all claims against the omitted defendants in his amended complaint, leaving no claims against them. Dismissal was appropriate as a matter of law, and my dismissal order stands.

Hendrix also asks the court to order the USMS to serve the defendants brought into this case by his amended complaint.[9] Because summonses have not been issued for the new defendants added to this case by Hendrix's amended complaint, I grant Hendrix's request for summonses and service. I direct the clerk to issue summons and the USMS to serve process on the yet unserved defendants except defendant Wooden.

## Discussion

**A.  After reconsideration, the court's dismissal order stands.**

Hendrix filed this case in August 2013, asserting claims against the State of Nevada; Sheriff Doug Gillespie; CCDC Chief Jimmy Dixon; Internal Affairs Lt. David Lewis; CCDC Sergeants Smith, Forsyth, and Wooden; CCDC Correctional Officers Darren O'Barr, Snowden, Hem, Binko, and Coker; Lake's Crossing Agency Director Elizabeth Neighbors; Lake's Crossing doctors Richard Bissett, Dr. Henson, Dr. Johal, and Dr. Behrens; Lake's Crossing social worker Tom Durante; and two Lake's Crossing staff supervisors named as John Doe #1 and #2.[10] At the screening phase, the

---

[6] Doc. 93.

[7] Doc. 92.

[8] Doc. 95.

[9] Docs. 94, 99.

[10] Doc. 8 at 3–4. He also named in the caption Corrections Officer Rohan, *see* Doc. 1-1 at 1, but no claim against Rohan was identified during—or survived—screening.

court dismissed all claims against the State, Sheriff Gillespie, Smith, and Lewis with prejudice; the claims against Dixon and Forsyth were dismissed without prejudice.[11] Summonses were issued on the remaining defendants, and the USMS was directed to effectuate service. Incomplete identifying information complicated service on O'Barr, Snowden, Wooden, Hem, and Coker, and their summonses were returned to the USMS with notes indicating that Metro would not accept them because the identifying information was inadequate.[12] At the court's direction, additional identifying information for these defendants was obtained from the CCDC. First names and the business address for O'Barr, Snowden, and Coker were provided to the USMS as the court directed.[13] The records custodian for the CCDC reported that Wooden and Hem were "Not in the LVMPD/CCDC Roster," and no information was available for them.[14] Although the USMS had been ordered to "use the information provided by CCDC to attempt to serve the summons and complaint on" these defendants within 20 days of its receipt, there is no indication that service was attempted or effectuated on O'Barr, Snowden, and Coker using this new information.[15]

### 1. *The effect of Hendrix's amended complaint*

On April 9, 2015, with leave of court, Hendrix filed an amended complaint.[16] It purports to state claims against the CCDC; CCDC Chief Dixon; Correctional Sergeants A. Smith and S. Wooden; Correctional Officers Rohan, Darren O'Barr, and Rebecca A. Kelly; CCDC Nurse Judy Griggf; Las Vegas Metropolitan Police Department Citizen Review Board Director Andrea

---

[11] Doc. 8 at 12.

[12] Doc. 36 at 3.

[13] Doc. 60 at 3. I did not order this information to be provided to Hendrix, just to the USMS.

[14] *Id.*

[15] The court's investigation into the history and status of service was prompted by Hendrix's first motion in which he requests the court to order service of process on "all the defendants in his amended complaint and that the" CCDC "provide this court with first and last names from the CCDC's Custodian of Records on the defendants who weren't properly named in his amended complaint." Doc. 94 at 2. Although Hendrix does not specifically request that the court follow up on its prior order directing service on O'Barr, Snowden, and Coker, the court's consideration of the instant motion prompted this *sua sponte* inquiry.

[16] Doc. 82, 83.

Beckman, and three CCDC correctional medical nurses identified only as John and Jane Does. Absent from the amended complaint is any claim against Neighbors, Bissett, Henson, Johal, Behrens, or Durante ("the Lake's Crossing defendants") and any claim against Snowden, Binko, Coker, or Hem.

The result of Hendrix's failure to include any claim against these omitted defendants in his amended complaint is legally significant: Hendrix's claims against these defendants no longer exist, and these people are no longer active defendants in this lawsuit.[17] This was the argument that Neighbors, Bissett, Durante, and Henson raised in their motions to dismiss.[18] The court granted those motions to dismiss for two reasons: the argument was meritorious, and the motions were unopposed.[19]

### 2. The court reconsiders the dismissal order to take into account Hendrix's response arguments, but those arguments do not change the ultimate outcome.

Hendrix did, in fact, file an opposition to those motions.[20] It was filed late,[21] and the court believes it crossed the dismissal order in the clerk's office; so the court did not read or consider Hendrix's arguments before dismissing the claims against Neighbors, Bissett, Durante, and Henson. Hendrix now moves the court to reconsider dismissal because the court was operating under the mistaken belief that the motion was unopposed.[22] The court takes this opportunity to consider Hendrix's opposition argument and reevaluate dismissal in light of his points. Unfortunately for

---

[17] *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and explaining, "[a]s a general rule, when a plaintiff files an amended complaint, 'the amended complaint supercedes the original, the latter being treated thereafter as non-existent.' Nothing in the PLRA's exhaustion requirement creates an exception to this basic premise of our jurisprudence on pleadings.").

[18] Docs. 87–89.

[19] Doc. 93.

[20] Doc. 92.

[21] Any opposition to the motions was due by May 10th. The court received Hendrix's opposition late on the 11th.

[22] Doc. 95.

Hendrix, it changes nothing.

When Hendrix filed his amended complaint and dropped his claims against Neighbors, Bissett, Durante, and Henson from this case, those claims were abandoned and non-existent as a matter of law.[23] As a result, Hendrix has no pending claims against these omitted defendants, and they are entitled to be dismissed from this case. That was the argument these omitted Lake's Crossing defendants raised in their motions to dismiss. It was meritorious, and they were entitled to be dismissed from this case on that basis. Hendrix's opposition to the motions to dismiss offers no argument that undermines that conclusion or would have persuaded this court to deny the motions to dismiss due to the state of the record at that time.

Hendrix argues in his opposition that he did not intend by filing his amended complaint to abandon his claims against the Lake's Crossing defendants; he only wanted to revise his claims against the CCDC defendants.[24] But because Hendrix did not carry his claims against the Lake's Crossing defendants forward, they are no longer a part of this case as a matter of law. Accordingly, although I grant Hendrix's request to reconsider my dismissal order so I can take into account his arguments in response, my dismissal order stands. I also clarify that Hendrix's failure to include claims against the other omitted defendants in his amended complaint means that the claims against them have been abandoned. Thus, claims no longer exist against defendants Johal, Behrens, Snowden, Binko, Coker, or Hem, and the Clerk of Court is instructed to terminate these parties from this action as of the date of the amended complaint.

**B.      If Hendrix wants to attempt to revive his claims against any omitted defendants, he must seek leave to file a second amended complaint.**

If Hendrix believes that his amended complaint was offered in error and he wants to file a second amended complaint that contains claims against the Lake's Crossing defendants or any other defendant that he omitted from his amended complaint, he must file a new motion for leave to amend. The court cautions Hendrix of the following:

---

[23] *See supra* note 17.

[24] Doc. 92 at 4.

5

1.     1.    He must attach to the motion for leave to amend a full and complete copy of his proposed second amended complaint.

2.     2.    That attached proposed second amended complaint must be submitted on the court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint." All defendants must be identified in the caption of the pleading and named in the section of the prisoner civil-rights form designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. The proposed second amended complaint must contain all claims that Hendrix intends to plead in this case and may not include any claims or parties dismissed with prejudice in the screening order (Doc. 8).

3.     3.    If the court grants Hendrix's request to file a second amended complaint, the first amended complaint (Doc. 83) will no longer serve any function in this case, so each new claim and the involvement of each defendant must be alleged specifically. The court will not refer to a prior pleading or other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

4.     4.    This case is more than two years old, and the deadline for amendment passed five months ago.[25] **If Hendrix desires to file a motion for leave to amend (with an attached proposed second amended complaint), he must do so by August 28, 2015.**[26]

**C.    The court orders service of process on the current defendants.**

Hendrix also moves the court to order service of process on "all the defendants in his amended complaint" and further order the CCDC to "provide this court with first and last names

---

[25] Docs. 70 at 2, 77, 79 (February 15, 2015, deadline for amending pleadings).

[26] The court finds good cause to extend the deadline for amendment to August 28, 2015, for this limited purpose

6

from the CCDC's custodian of record on the defendants who weren't properly named in his amended complaint."[27] To the extent that Hendrix is asking the court to direct the issuance of summonses and service on these properly identified defendants by the USMS, I grant the motions with one exception: I deny the request to further serve defendant "S. Wooden" because the CCDC has indicated that it has no record of such an individual. I also deny the request for further information from the CCDC's custodian of record without prejudice because it does not presently appear that additional information is necessary.

The defendants named in Hendrix's amended complaint are: the CCDC; Dixon; Correctional Sergeants A. Smith and S. Wooden; Correctional Officers Rohan, Darren O'Barr, and Rebecca A. Kelly; Nurse Judy Griggf, and Las Vegas Metropolitan Police Department Citizen Review Board Director Andrea Beckman[28] The order granting leave to amend did not direct the issuance of summonses. Accordingly, I take this opportunity to direct the Clerk of Court to issue summonses for the CCDC; CCDC Chief Jimmy Dixon; CCDC Correctional Sergeant A. Smith; CCDC Correctional Officers Rohan and Rebecca A. Kelly; CCDC Nurse Judy Griggf; and Las Vegas Metropolitan Police Department Citizen Review Board Director Andrea Beckman.

Defendants S. Wooden and O'Barr were the subject of my previous order directing the USMS to serve these defendants using the information provided by the CCDC in (sealed) Doc. 60. The CCDC records department provided a service address for Darren O'Barr, but the department indicated that it has no record of anyone with the name "Wooden" in the LVMPD or CCDC roster.[29]

---

[27] Doc. 94 at 2, 99.

[28] He also sues three CCDC nurses identified only as John and Jane Does. I do not order summonses issued for these persons because their identities are unknown. As a general rule, the use of John and Jane Doe pleading to identify a defendant is not favored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court recognizes that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint" and "the plaintiff should be given an opportunity to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* It will be Hendrix's responsibility to obtain through the discovery process additional information to identify these nurses so that they can be served with process.

[29] Doc. 60 at 3.

The summons for Darren O'Barr previously issued is directed only to "O'Barr."[30] The Clerk of Court shall issue a new summons for "Darren O'Barr" and deliver it, along with the amended complaint, to the USMS for service using the address filed by the USMS at Doc. 60. If Hendrix wishes to have service again attempted on defendant Wooden, for whom the court was unable to obtain contact information through its subpoena to the CCDC, then Hendrix must file another motion with the court specifying a more detailed name or address for Wooden or identifying another manner of service he desires to be attempted.

### Order

Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion for Reconsideration/ Reargument on the court's order dismissing claims against Bissett, Durante, Neighbors, and Henson **[Doc. 95] is GRANTED in part and DENIED in part. The court grants the request to reevaluate its dismissal to account for the arguments raised in Hendrix's previously overlooked opposition (Doc. 92), but it denies the request to reverse or set aside the ruling** because the court maintains that dismissal was proper.

The court clarifies that **claims also no longer exist against defendants Johal, Behrens, Snowden, Binko, Coker, or Hem; so the Clerk of Court is instructed to terminate these parties from this action effective as of the date of the amended complaint.**

IT IS FURTHER ORDERED that plaintiff's motions for an order directing the issuance of summonses and service of process **[Docs. 94, 99] are GRANTED in part and DENIED in part** as follows:

1. **Instructions for the Clerk of Court: The Clerk of Court shall issue summonses** for:
    a. the Clark County Detention Center ("CCDC")
    b. CCDC Chief Jimmy Dixon
    c. CCDC Correctional Sergeant A. Smith
    d. CCDC Correctional Officer Rohan
    e. CCDC Correctional Officer Darren O'Barr

---

[30] Doc. 10 at 17.

      f.      CCDC Correctional Officer Rebecca A. Kelly

      g.      CCDC Nurse Judy Griggf, and

      h.      Las Vegas Metropolitan Police Dept. Citizen Review Bd. Director Andrea Beckman

**and deliver the same, along with the amended complaint (Doc. 83) to the USMS for service.** The Clerk of Court **shall also send** to plaintiff eight USM-285 forms, one copy of the amended complaint, and a copy of this order.

2. **Instructions for Hendrix:** Plaintiff will have until August 28, 2015, to provide the USMS the required USM-285 forms with all relevant information for each defendant in paragraph 1 above completed on each form. Hendrix shall leave the "Serve At" section of the form for O'Barr blank for the USMS to fill in.

3. **Instructions for the USMS**: Once the USMS has received Hendrix's USM-285 forms, the USMS shall (1) fill in the "Serve At" section of the form for O'Barr using the address for defendant Darren O'Barr provided to the USMS by the CCDC in 2014 and filed with the court as (sealed) document 60 and (2) promptly effectuate service of the summons and amended complaint on each defendant in paragraph 1 above using the information provided by Hendrix. Once service has been attempted, the USMS shall promptly file those forms with the court and send a copy of each to Hendrix.

4. **Further instructions for Hendrix**: Hendrix will have 20 days after receiving each USM-285 form back from the USMS indicating whether service was accomplished to file with the court a notice identifying which defendants were served and which were not served, if any. If the USMS is unable to serve any defendant, and Hendrix wishes to have service again attempted, he must file a motion with the court providing a more detailed name and/or address for each defendant, and/or suggesting some other manner of service that should be attempted and why it is reasonably calculated to succeed.

      **If Hendrix desires to amend his complaint,** he must file a proper motion for leave to amend with an attached proposed amended complaint that complies with the instructions above **by August 28, 2015**.

      **If Hendrix desires to have service again attempted on defendant Wooden,** he

9

must file a motion with the court providing a more detailed name and/or address for Wooden, and/or suggesting some other manner of service that should be attempted and explaining why that method is reasonably calculated to succeed.

DATED July 27, 2015.

_____
Jennifer A. Dorsey
United States District Judge