UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jamal Damon Hendrix,<br><br>　　　　Plaintiff<br><br>v.<br><br>Elizabeth Neighbors, et al.,<br><br>　　　　Defendants | 2:13-cv-01527-JAD-CWH<br><br>**Order Granting Motion for Judgment on the Pleadings, Denying as Moot Other Pending Motions, and Closing Case**<br><br>[ECF Nos. 109, 110, 111, 112, 113, 114, 117] |

　　　　Pro se plaintiff Jamal Hendrix sues 12 defendants under 42 U.S.C. § 1983 in this civil-rights case that arose out of three incidents that occurred in 2010 and 2011 while Hendrix was detained at the Clark County Detention Center (CCDC) and the Lakes Crossings Center.[1] The only defendants who have been properly served—Rebecca Kelly, Darren O'Barr, and Lyle Rohan—filed a motion for judgment on the pleadings against Hendrix, arguing that his claims are time barred.[2] Hendrix has not responded to the defendants' motion, and his time to do so expired more than a month ago. But Hendrix has filed three motions to effectuate service on the defendants who have not yet been properly served,[3] a motion to conduct discovery,[4] and a request for a courtesy copy of the civil docket sheet in this case.[5]

　　　　To fully appreciate the status and scope of these proceedings, Magistrate Judge Hoffman ordered the parties to file a status report: (1) apprising the court of the defendants who have not yet been served; (2) providing, if available, new or updated contact information for the unserved defendants; and (3) if relevant, informing the court which third-parties Hendrix will subpoena to

---

[1] ECF No. 83.

[2] ECF No. 113.

[3] ECF Nos. 109, 110, 111.

[4] ECF No. 112.

[5] ECF No. 114.

obtain the contact information for the unserved defendants.[6] Defendants Kelly, O'Barr, and Rohan responded to Magistrate Judge Hoffman's questions.[7] Hendrix responded by objecting to Judge Hoffman's order and requesting a copy of the civil docket sheet in this case.[8]

My analysis begins and ends with the defendants' unopposed motion for judgment on the pleadings. Although Hendrix did not oppose that motion, he does allege in his amended complaint that his original complaint was filed "late" because he was incompetent from 2009 until June 10, 2011.[9] I interpret that allegation as invoking either statutory or equitable tolling principles to delay the statute of limitations that is applicable to Hendrix's claims from expiring. But even when taking the incompetency allegations in Hendrix's amended complaint as true and tolling the statute of limitations during this alleged incompetency, I find that his claims were filed fatally late. Accordingly, I grant the defendants' motion for judgment on the pleadings. And because it is clear from the face of Hendrix's amended complaint that **all** of his claims in this case (against any defendant, served or yet unserved) are untimely and must be dismissed on that basis, I deny as moot the host of motions that Hendrix has filed: an objection to Magistrate Judge Hoffman's order to file a status report,[10] three motions to effectuate service on those defendants who have not yet been properly served,[11] a motion to conduct discovery,[12] and two requests for a copy of the civil docket sheet in this case,[13] and I instruct the Clerk of Court to close this case.

---

[6] ECF No. 115.

[7] ECF No. 116.

[8] ECF No. 117.

[9] ECF No. 83 at 11, ¶ 26.

[10] *Id.*

[11] ECF Nos. 109, 110, 111.

[12] ECF No. 112.

[13] ECF Nos. 114, 117.

**Discussion**

**A.      Judgment on the pleadings standard**

"'A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'"[14]  The moving party bears the burden of establishing that, "on the face of the pleadings[,]" no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[15]  A claim can be dismissed under FRCP 12(c) as time barred only when "'the running of the statute [of limitations] is apparent on the face of the complaint.'"[16]

**B.      It is apparent on the face of Hendrix's amended complaint that his claims are untimely.**

"Section 1983 does not contain its own statute of limitations."[17]  Federal courts therefore "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'"[18]  The statute of limitations for filing a personal injury action in Nevada is two years.[19]  Federal law supplies the rule for determining when a civil-rights claim

---

[14] *U.S. v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016) (quoting *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)).

[15] *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

[16] *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

[17] *Butler v. Nat. Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[18] *Id.* (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotations and quoted reference omitted).

[19] NEV. REV. STAT. § 11.190(4)(e).

accrues.[20]  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[21]

Hendrix alleges that his civil rights were violated on three occasions: (1) on June 19, 2010, at the CCDC when correctional officers and sergeants allowed another inmate to attack him and then unnecessarily restrained him and injured him in the process; (2) on June 13, 2011, when the Clark County Citizen Review Board dismissed Hendrix's pre-June 19, 2010, complaint alleging inmate abuse at the CCDC; and (3) on July 2, 2010, when Hendrix was denied medical treatment for injuries that he sustained in the June 19, 2010, incident.[22]  Hendrix did not file suit until August 22, 2013.[23]

Hendrix alleges in his amended complaint that he did not timely pursue his § 1983 claims that arose from these incidents because he was incompetent from the time in 2009 that his attorney in an unrelated criminal case in state court "filed a Motion for Competency Evaluation" until the state-court judge found him to be competent to stand trial in that case on June 10, 2011.[24]  Hendrix alleges that all of his "grievances were denied at all subsequent levels by the [CCDC] officials[,]"[25] but he raises no material issue of fact in his amended complaint that the limitations period should be tolled beyond the 2009 to June 10, 2011, time period when he

---

[20] *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994)).

[21] *Id.* (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)).

[22] ECF No. 83 at 6–12, ¶¶ 15–27.

[23] ECF No. 1.

[24] ECF No. 83 at 11, ¶ 26.  The defendants devote a portion of their motion to addressing Hendrix's allegation that he filed his complaint late because he gained knowledge of how to file a civil-rights claim only after being able to work with the prison law clerks. *See* ECF No. 113 at 4:8–11 (citing ECF No. 9 at 9).  But Hendrix did not restate that allegation in his amended complaint, *see generally* ECF No. 83, so I do not consider it.

[25] *Id.* at 25, ¶ 53.

alleges that he was incompetent.[26] Hendrix also has not opposed the defendants' motion for judgment on the pleadings, which "constitutes a consent to granting the motion" under LCR 47-3. But I examine the merits of the defendants' motion regardless of Hendrix's failure to oppose it and grant it on those merits and not merely by default under the local rule.

Accepting as true Hendrix's allegation that he was incompetent from 2009 to June 10, 2011, the time for him to file his claims stemming from first and third incidents began to run on the date that Hendrix alleges that he was found to be competent by the state-court judge—June 10, 2011. Hendrix thus had until June 10, 2013, to file his claims for the first and third incidents under Nevada's two-year statute of limitations. And Hendrix had until June 13, 2013, to file his claims for the second incident. But Hendrix did not initiate this case until August 22, 2013, which was 73 days after the deadline to file had expired for the first and third incidents and 70 days after it had expired for the second incident.[27] I therefore find that it is apparent on the face of Hendrix's complaint that all of his claims in this case —against all defendants—are time barred.

### Conclusion

Accordingly, IT IS ORDERED, ADJUDGED, AND DECREED that defendants Rebecca Kelly, Darren O'Barr, and Lyle Rohan's **motion for judgment on the pleadings [ECF No. 113]** is GRANTED. **All of Hendrix's claims are DISMISSED with prejudice.**

IT IS FURTHER ORDERED that Hendrix's motions to effectuate service on the defendants who have not yet been properly served **[ECF Nos. 109, 110, 111]**; motion to conduct discovery **[ECF No. 112]**; requests for a copy of the civil docket sheet in this case **[ECF Nos. 114, 117]**; and objections to Judge Hoffman's order to file a status report **[ECF No. 117] are DENIED as moot.**

///

///

---

[26] *See generally* ECF No. 83.

[27] ECF No. 1.

1       The Clerk of Court is instructed to enter judgment in favor of the defendants and CLOSE this case.

      Dated: June 20, 2016.

                                                            _____

                                                            Jennifer A. Dorsey
                                                            United States District Judge