# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jamal Damon Hendrix,

    Plaintiff

v.

Rohan, C/O; et al.,

    Defendants

2:13-cv-01527-JAD-CWH

**Order Denying Motion for Judgment on the Pleadings**

[ECF No. 113, 124]

Pro se plaintiff Jamal Hendrix sues 12 defendants under 42 U.S.C. §1983 in this civil-rights case that arose out of three incidents that occurred in 2010 and 2011 while Hendrix was detained at the Clark County Detention Center (CCDC) and the Lakes Crossings Center.[1] The only defendants who have been properly served—Rebecca Kelly, Darren O'Barr, and Lyle Rohan—filed a motion for judgment on the pleadings against Hendrix, arguing that his claims are time-barred.[2] In June of 2016, I granted the motion and entered judgment for the defendants, finding that Hendrix missed his deadline to file his claims.[3] Hendrix appealed.

In April 2017, the Ninth Circuit reversed and vacated my order.[4] It found that, because Hendrix alleged in his amended complaint that he had exhausted available administrative grievance procedures at CCDC, he "may be entitled to further tolling on the ground that he was completing the mandatory exhaustion process."[5] I ordered supplemental briefing on the tolling issue, which the defendants filed.[6] They argue that Hendrix is not entitled to additional tolling

---

[1] ECF No. 83.

[2] ECF No. 113.

[3] ECF Nos. 118, 119.

[4] ECF No. 124.

[5] *Id.* at 2.

[6] ECF No. 131.

because he did not complete the grievance process for the incidents alleged in his complaint. Despite having been given an extension of time to do so, Hendrix did not file a response.[7] Nevertheless, on remand, I deny the motion because judgment on the pleadings is the wrong procedural mechanism for defendants' supplemental arguments.

## Discussion

**A.  Judgment-on-the-pleadings standard**

"'A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'"[8] The moving party bears the burden of establishing that, "on the face of the pleadings[,]" no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[9] A claim can be dismissed under FRCP 12(c) as time-barred only when "'the running of the statute [of limitations] is apparent on the face of the complaint.'"[10]

A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion.[11] As with a Rule 12(b)(6) motion, when ruling on a Rule 12(c) motion, I "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[12] Otherwise, the motion must be converted into one for summary judgment. The Ninth Circuit has adopted two narrow exceptions to this rule in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which

---

[7] *See* ECF No. 133 (order denying Hendrix's request for a 45- to 50-day extension of time, but nonetheless extending his deadline by two weeks); ECF No. 134.

[8] *U.S. v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016) (quoting *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)).

[9] *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

[10] *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

[11] *See Harris v. Orange Cty.*, 682 F.3d 1126, 1131 (9th Cir. 2012).

[12] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

their claims are based."[13] I may consider documents where (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevant is not in dispute."[14] I may also "take judicial notice of adjudicate facts not subject to reasonable dispute."[15]

**B.     A judgment-on-the-pleadings motion is the wrong vehicle for the dismissal that defendants urge.**

The defendants present two arguments for dismissal in their supplemental brief. First, they argue that Hendrix failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act (PLRA).[16] They contend that this failure warrants dismissal regardless of the timeliness of his complaint.[17] Second, they argue that, because Hendrix did not exhaust his administrative remedies, he is not entitled to any additional equitable tolling.[18] In support of both arguments, the defendants attach as exhibits: (1) CCDC's grievance procedures, (2) copies of over 40 requests/grievances Hendrix filed with CCDC between 2009 and 2012 (all of which are unrelated to the incidents alleged in his amended complaint), and (3) copies of Hendrix's complaints to the Las Vegas Metropolitan Police Department's Citizen Review Board and the Internal Affairs Bureau, and the responses dismissing those complaints.[19]

But I cannot consider any of this evidence at this judgment-on-the-pleadings stage. None of the defendants' exhibits are appropriate for judicial notice under Federal Rule of Evidence 201. Nor does Hendrix rely on any of these materials in his complaint. Dismissing a case as

---

[13] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (*rev'd by statute on other grounds*).

[14] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[15] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); Fed. R. Evid. 201(a)–(f).

[16] 42 U.S.C. §1997e(a).

[17] ECF No. 131 at 5.

[18] *Id.* at 8.

[19] *See* ECF No. 131-1.

time-barred at the pleading stage is inappropriate when the complaint alleges facts indicating that potential tolling may apply.[20] In this very case, the Ninth Circuit found that Hendrix surmounted this stage by alleging that he had exhausted his administrative remedies.[21] The defendants cannot attach exhibits to undermine Hendrix's allegations at this stage in the proceedings. They may do so only in a motion for summary judgment.

To the extent the defendants separately argue that Hendrix's complaint should be dismissed for failure to exhaust under the PLRA, the Ninth Circuit has also made clear that I can consider that argument at the pleadings stage only when the failure is clear on the face of the complaint.[22] If it is not, the defendants "must produce evidence proving failure to exhaust in order to carry their burden. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."[23] Hendrix's failure to exhaust is not clear from the face of the complaint. Indeed, his complaint affirmatively alleges that he did exhaust the grievance process. So the defendants must demonstrate these points in a motion for summary judgment. Because I cannot consider the defendants' new arguments and exhibits at this judgment-on-the-pleadings stage, I deny their motion, and I do so without prejudice to the filing of a motion for summary judgment on these points.

The defendants also request that I grant their motion under Local Rule 7.2(d).[24] That rule states, "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Because I deny the defendants' motion without prejudice, I decline to penalize Hendrix's failure to respond to their supplemental brief

---

[20] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993).

[21] ECF No. 124 at 2.

[22] *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

[23] *Id.*

[24] ECF No. 134.

with dismissal of this action.  However, Hendrix is warned that future failures to prosecute his case, obey court orders, or comply with local rules may result in dismissal of his case.[25]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' motion for judgment on the pleadings **[ECF No. 113] is DENIED.**  The Clerk of Court is directed to **REOPEN THIS CASE and remove the gavel from ECF No. 124.**

DATED: January 9, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[25] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).