**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMAL DAMON HENDRIX, | Case No. 2:13-cv-01527-JAD-CWH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Presently before the court is plaintiff Jamal Damon Hendrix's motion to engage in full discovery (ECF No. 144), filed on August 8, 2018. Defendants Rebecca Kelly, Darren O'Barr, and Lyle Rohan filed a response (ECF No. 145) on August 13, 2018. Plaintiff filed a reply (ECF No. 152) on September 17, 2018.

Also before the court is plaintiff's motion for leave to file a second amended complaint (ECF No. 146), filed on August 17, 2018. Defendants filed a response (ECF No. 149) on August 31, 2018. Plaintiff filed a reply (ECF No. 153) on September 19, 2018.

**I.  BACKGROUND**

This is a prisoner's civil rights action pursuant to 42 U.S.C. § 1983 where plaintiff alleges that defendants violated his Eighth Amendment and Fourteenth Amendment rights while detained at the Clark County Detention Center. (Am. Compl. (ECF No. 71).) On June 20, 2016, this court granted defendants motion for judgment on the pleadings and entered judgment in favor of the defendants. (Order (ECF No. 118); Judgment (ECF No. 119).) Plaintiff appealed, and the Ninth Circuit reversed, vacating the order that granted the motion for judgment on the pleadings. (Mem. of USCA (ECF No. 124).) This court then denied defendants' motion for judgment on the pleadings and reopened this case. (Order (ECF No. 135).)

On March 13, 2018, defendants filed a proposed discovery plan and scheduling order, requesting 180 days to conduct discovery. (Proposed Discovery Plan (ECF No. 136).) Defendants stated that the proposed discovery plan was mailed to plaintiff and that the

accompanying letter stated that the plan would be submitted to the court if plaintiff did not respond. (*Id.*) The court then entered a scheduling order, providing June 12, 2018, as the discovery deadline and May 14, 2018 as the deadline to amend the pleadings. (Scheduling Order (ECF No. 137).)

Plaintiff now moves to reset all discovery dates in the scheduling order, almost two months after the close of discovery. (Mot. to Engage in Full Discovery (ECF No. 144).) Defendants respond that plaintiff failed to demonstrate good cause and excusable neglect. (Resp. (ECF No. 147).) Plaintiff replies that he did not receive the court's scheduling order and that the District Judge should admonish the clerk for failing to provide plaintiff with the court's order. (Reply (ECF No. 152).)

Plaintiff also moves for leave to file a second amended complaint, adding five additional defendants and allegations. (Mot. for Leave (ECF No. 146).) Defendants respond that plaintiff's motion is untimely and that the proposed amendments are futile. (Resp. (ECF No. 149).) Plaintiff replies that a request to amend the complaint was sent to opposing counsel on July 18, 2018, and that his request went unanswered. (Reply (ECF No. 153).) Plaintiff further argues that the amended complaint seeks to identify "Doe defendants" whose identities were previously unknown.

**II.   MOTION TO ENGAGE IN FULL DISCOVERY**

Plaintiff moves the court to reset all discovery dates in its scheduling order to allow defendant to engage in discovery. Under Local Rule 26-4

> [a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

The good cause standard under LR 26-4 is the same as that for modification of the scheduling order under Federal Rule of Civil Procedure 16(b). As stated in *Johnson v. Mammoth Recreations, Inc.*, the good cause standard primarily considers the diligence of the party or parties seeking the extension. 975 F.2d 604, 609 (9th Cir. 1992).

In addition to a showing of good cause, a request made after the expiration of a deadline must be accompanied by a showing of excusable neglect. *See* LR 26-4. In evaluating excusable neglect, the court considers the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman* v. U.S. Postal Service, 231 F.3d 1220, 23–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)).

Plaintiff moves to extend discovery deadlines almost two months after the close of discovery. Plaintiff requests that the court not rule on defendants' pending motion for summary judgement until he receives the names of nurses, grievances referencing his broken arm, and relevant videotapes. Defendants argue that plaintiff has failed to demonstrate good cause or excusable neglect in making this request, and that the requested discovery materials do not pertain to the motion for summary judgment. In his reply, plaintiff argues that he was unaware of the court's March 14, 2018 scheduling order. Plaintiff also requests the court to admonish the clerk's office for allegedly failing to provide plaintiff with a copy of its scheduling order.

The court finds that the motion to amend the scheduling order is untimely and fails to demonstrate good cause and excusable neglect. Plaintiff filed this motion two months after the close of discovery and a month following defendants' dispositive motion. An extension of all discovery deadlines would severely prejudice defendants, as it would require reopening discovery. Further, plaintiff waited almost a month after the filing of defendants' motion for summary judgment to request an extension of all discovery dates. Granting plaintiff's request would severely delay these proceedings. The court is not persuaded by plaintiff's reason for the delay. Plaintiff does not explain why he could not have obtained the identities of the nurses through engaging in the discovery process at any point in the litigation. Further, plaintiff failed to

propound any discovery requests to defendants during the discovery phase, which may have eliminated this issue.

Lastly, while plaintiff argues that he did not receive the court's scheduling order, plaintiff was aware that a scheduling order would be entered, and thus, he is not relieved from the duty of proactively litigating his case.[1] At any point, plaintiff could have requested a copy of the docket to determine if the court entered a scheduling order. Additionally, plaintiff should be aware of the court's procedure in entering a discovery plan and scheduling order, because the court entered such an order prior to the Ninth Circut appeal in this case. (*See* Scheduling Order (ECF No. 70).) The court therefore finds that plaintiff has not demonstrated excusable neglect nor good cause, and will deny his motion to extend the discovery deadlines.

### III. MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, once the court issues a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court must first apply the governing "good cause" standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* In addition, the carelessness of the party "is not compatible with a finding of diligence and offers no

---

[1] Defendants mailed a copy of their proposed discovery plan and scheduling order to plaintiff on February 26, 2018, and plaintiff is aware that a proposed discovery was indeed filed with the court. (*See* Proposed Disc. Plan (ECF No. 136); *see also* Resp. (ECF No. 153) at 2.)

reason for a grant of relief." *Id.* at 609. As stated in the section above, a request made to modify the pretrial scheduling order after the expiration of a deadline must be accompanied by a showing of excusable neglect. *See* LR 26-4. The court considers the following factors when evaluating excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 23–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993)).

In *Johnson*, the Ninth Circuit applied Rule 16's good cause standard when the plaintiff moved to amend his complaint to add an additional party, rather than making a specific request to amend the scheduling order. *See* 975 F.2d at 608-09. There, the court held that plaintiff had not demonstrated good cause when he failed to heed signs that not all parties were named in the action. *Id.* at 609. Further, the court noted that plaintiff held the burden to properly prosecute his case, and his failure to pay attention to the discovery responses is the same type of case management issue Rule 16 seeks to cure. *Id.* at 610.

Though plaintiff has not specifically requested a modification of the scheduling order, a motion to amend the pleadings after the court-ordered deadline is a de facto request to modify the scheduling order. *See Johnson*, 975 F.2d at 608-09. Given that the scheduling order provided May 14, 2018 as the deadline to amend the pleadings and that plaintiff moved to amend the complaint after the deadline, the court will evaluate plaintiff's motion according to the excusable neglect standard under the Local Rules. *See* LR 26-4.

Having reviewed plaintiff's motion to amend, the court finds that plaintiff has failed to demonstrate excusable neglect. Amending the complaint at this stage in the proceedings severely prejudices defendants, as the motion to amend was filed almost a month following the filing of defendants' motion for summary judgment. Additionally, amending the complaint will significantly delay the proceedings, virtually restart the discovery process, and force defendants to conduct discovery on plaintiff's new allegations and additional defendants. While plaintiff does indeed identify the previously unknown Doe defendants, the court is not persuaded by plaintiff's reasons for the delay, which he attributes to defendants' failure to respond to his July 27, 2018

letter requesting leave to amend. Whether or not defendants responded to plaintiff's letter does not excuse this untimely motion. The court will therefore recommend that the motion for leave to file a second amended complaint be denied.

**IV.  ORDER AND RECOMMENDATION**

IT IS THEREFORE ORDERED that plaintiff's motion to engage in full discovery (ECF No. 144) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for leave to file a second amended complaint (ECF No. 146) be DENIED.

**V.  NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 13, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE