# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jamal Damon Hendrix,

    Plaintiff

v.

Rohan, C/O, et al.

    Defendants

Case No.: 2:13-cv-01527-JAD-CWH

**Order Granting Motion for Summary Judgment, Adopting Report and Recommendation, and Closing Case**

[ECF Nos. 139, 146, 154]

Pro se plaintiff Jamal Hendrix sued twelve defendants under 42 U.S.C. § 1983 in this civil-rights case that arose out of three incidents that occurred in 2010 and 2011 while Hendrix was detained at the Clark County Detention Center (CCDC) and the Lakes Crossings Center.[1] The only defendants who have been properly served—Rebecca Kelly, Darren O'Barr, and Lyle Rohan—moved for judgment on the pleadings, arguing that Hendrix's claims are time-barred.[2] In June of 2016, I granted the motion and entered judgment for the defendants, finding that Hendrix missed his deadline to file his claims.[3] Hendrix appealed.

In April 2017, the Ninth Circuit reversed and vacated my order.[4] It reasoned that, because Hendrix alleged in his amended complaint that he had exhausted available administrative grievance procedures at CCDC, he "may be entitled to further tolling on the ground that he was completing the mandatory exhaustion process."[5] I ordered supplemental

---

[1] ECF No. 83.
[2] ECF No. 113.
[3] ECF Nos. 118, 119.
[4] ECF No. 124.
[5] *Id.* at 2.

briefing on the tolling issue, which the defendants filed.[6] Hendrix did not file a response, despite being given an extension of time to do so.[7] I then denied the defendants' motion for judgment on the pleadings on remand because that was the wrong procedural mechanism for the defendants' supplemental arguments about the grievance process.[8]

The defendants now move for summary judgment, arguing that (1) Hendrix is not entitled to additional tolling because he did not participate in the grievance process for the incidents alleged in his complaint, (2) Hendrix cannot bring a § 1983 claim because he did not exhaust his administrative remedies, and (3) even if Hendrix's claims are not procedurally barred or time barred, his claim for excessive force still fails.[9] After receiving an extension of time to respond,[10] Hendrix filed a response, asserting that he had not yet had the opportunity to view a piece of video evidence that the defendants filed in support of their motion and requesting that I delay ruling on summary judgment until he has the opportunity to do so.[11] But the record reveals that Hendrix did have opportunity to view the DVD evidence and the videos contained on the DVD are not relevant to the bulk of the defendants' summary-judgment arguments. I therefore deny Hendrix's request to delay summary judgment and grant the motion in the defendants' favor because Hendrix has not shown that he is entitled to further tolling of the statute of limitation.

---

[6] ECF No. 131.

[7] *See* ECF No. 133 (order denying Hendrix's request for a 45- to 50-day extension of time, but nonetheless extending his deadline by two weeks); ECF No. 134.

[8] ECF No. 135.

[9] ECF No. 139.

[10] ECF No. 142; ECF No. 148 (denying Hendrix's motion to relieve him of the obligation to respond).

[11] ECF No. 150.

**Analysis**

**A.   Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[2] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[3]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[4] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[12]

**B.   Hendrix's response**

Hendrix filed a short response to the defendants' summary-judgment motion, arguing that the defendants sent him DVDs containing video evidence but he had not yet had the chance to view them.[13] He requests that I order the staff of Ely State Prison (ESP) to give him time to

---

[1] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[2] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[3] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[12] *Sonner v. Schwabe N. Am., Inc.*, ___ F.3d ___, ___, 2018 WL 6786616 at *2 (9th Cir. Dec. 26, 2018).

[13] ECF No. 150.

view the DVDs so he could respond to the motion for summary judgment. Although he does not mention Federal Rule of Civil Procedure 56(d), his response appears to be a Rule 56(d) motion stating that he cannot present facts "essential to justify [his] opposition" and requesting additional time to respond.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[14] To prevail on a Rule 56(d) request, the movant must show: "(1) that [he has] set forth in affidavit form the specific facts that [he hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential to resist the summary judgment motion."[15] A Rule 56(d) request should be denied if the moving party had ample opportunity to conduct discovery or if the evidence is already within the party's control.[16]

Hendrix has failed to show a good reason to further delay summary judgment to allow him to view the DVDs. First, he has admitted to receiving and watching at least portions of those videos as early as July 2018, a month before filing his response.[17] More importantly, the DVDs have no bearing on the defendants' main arguments: the procedural bars to Hendrix's claims. Hendrix does not argue how a video of the incident underlying his excessive-force claim could help him argue that he exhausted CCDC's available grievance procedures or that he is entitled to additional tolling of the statute of limitations. Because the DVDs are irrelevant to the

---

[14] *United States v. Kitsap Physicians Servs.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[15] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[16] *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also Stitt v. Williams*, 919 F.2d 516, 526 (9th Cir. 1990) (denial of continuance under former Rule 56(f) upheld where opposing party had one month between expiration of discovery stay and summary judgment hearing to take and review deposition).

[17] ECF No. 151-1 at 15–16.

analysis of these issues and I do not reach the merits of Hendrix's claims, I deny Hendrix's 56(d) request.

## C. Hendrix is not entitled to further tolling.

Federal courts apply the forum state's statute of limitations for personal-injury cases to § 1983 claims.[18] In Nevada, the applicable statute of limitations is two years.[19] "Federal law, however, governs when a claim accrues."[20] Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action.[21] Federal courts generally refer to state law for tolling rules.[22] In Nevada, personal injury actions are tolled if a person is under 18, insane, or in the "custodial care of the State, if placed in such care while less than 18 years of age, except when the person is imprisoned, paroled, or on probation."[23] When a plaintiff can show that these factors exist, or another excusable delay, equitable tolling acts as a mechanism for the plaintiff to seek relief from the court despite the expiration of the limitation period.[24]

Hendrix was found not competent on June 10, 2010.[25] The incident underlying his excessive-force claim happened nine days later.[26] A court did not find Hendrix competent until

---

[18] *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).

[19] Nev. Rev. Stat. § 11.190(4).

[20] *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

[21] *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

[22] *Wallacec v. Kato*, 549 U.S. 384, 394 (2007).

[23] Nev. Rev. Stat. § 11.250.

[24] *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

[25] ECF No. 139-2 at 2.

[26] ECF No. 139-3 at 2.

nearly a year later, on June 10, 2011.[27] Hendrix's incompetency tolled the statute of limitations, but the two-year statute of limitations began to run the day he was found competent, giving him until June 10, 2013, to file his claim. But he didn't initiate this case until August 22, 2013, more than two months late. His claim is therefore untimely unless Hendrix is entitled to further tolling of the statute of limitations.

"[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."[28] The defendants argue that Hendrix is not entitled to tolling on this basis because he never filed a grievance about the incident, which would have started the exhaustion process.[29] They contend that there is no evidence that Hendrix ever filed a grievance, and they present his inmate file containing more than 40 grievances spanning his time at CCDC, none of which relate to the incident at hand.[30] Hendrix does not address this argument in his response.

Hendrix's failure to oppose this argument does not permit me to enter summary judgment by default, but the lack of a response is not without consequences.[31] As Rule 56(e) explains, "if a party fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ."[32] So, with the defendants' asserted fact that Hendrix did not file a

---

[27] ECF No. 139-10 at 2.
[28] *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).
[29] ECF No. 139 at 11–12.
[30] ECF No. 139-11.
[31] *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).
[32] Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

6

grievance about the incident undisputed, I can arrive at only one conclusion: Hendrix is not entitled to additional tolling for the mandatory exhaustion process because he didn't initiate that process in the first place.[33] But it is also undisputed that Hendrix initiated a complaint to the Internal Affairs Bureau (IAB) about the incident.[34] This usually would not toll the statute of limitations because an IAB complaint is not part of the mandatory exhaustion process,[35] but even assuming it did, Hendrix's claim is still time-barred. The IAB completed its investigation on February 25, 2011—nearly four months before Hendrix was found competent.[36] If his incompetency tolled the statute of limitations and the time began to run on June 10, 2011, then his complaint to the IAB was resolved before the statute of limitations began running based on his competency and his complaint is still barred by the statute of limitations.

**D. I adopt the pending Report and Recommendation denying Hendrix's motion to amend.**

There is also a pending Report and Recommendation denying Hendrix's motion to engage in full discovery and recommending that I deny Hendrix's motion to file a second amended complaint.[37] Hendrix objected to this Report and Recommendation.[38] Having

---

[33] This means that his claim is also procedurally barred by the Prison Litigation Reform Act (PLRA), which states that "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

[34] ECF No. 139-9.

[35] *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 950 (9th Cir. 2005) ("[P]articipating in an internal affairs investigation is not sufficient to satisfy the exhaustion requirement of the PLRA.").

[36] ECF No. 139-9.

[37] ECF No. 154.

[38] ECF No. 155.

reviewed it de novo, I find that Magistrate Judge Hoffman correctly ruled on both motions, so I adopt it in full and deny Hendrix's motions for the reasons explained therein. Even if Hendrix had been permitted to file his proposed amended complaint, it raises no new facts related to tolling, and nothing in that pleading would overcome the defects in his claims that lead me to grant summary judgment today. And because no claims survive summary judgment, Hendrix's request to extend discovery deadlines is moot.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 139] is GRANTED**.

IT IS FURTHER ORDERED that Hendrix's objection to the Report and Recommendation [ECF No. 155] is overruled. I adopt the Report and Recommendation **[ECF No. 154]** in full. Hendrix's motions to amend and to engage in discovery **[ECF Nos. 144, 146] are DENIED**.

The Clerk of Court is instructed to ENTER JUDGMENT in favor of the defendants and CLOSE this case.

Dated: March 6, 2019

_____
U.S. District Judge Jennifer A. Dorsey